# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RENEE D. EDWARDS,                    )
                                     )
        Plaintiff,               )
                                     )
v.                                   )    Case No. CIV-16-284-KEW
                                     )
NANCY A. BERRYHILL, Acting           )
Commissioner of Social               )
Security Administration,             )
                                     )
        Defendant.               )

## OPINION AND ORDER

Plaintiff Renee D. Edwards (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 44 years old at the time of the ALJ's decision. Claimant completed her high school education and three years of college. Claimant also completed her insurance license training. Claimant has worked in the past as a insurance specialist, insurance agent, and retail manager. Claimant alleges an inability to work beginning November 1, 2009 due to limitations resulting from

cyclical vomiting syndrome, fibromyalgia, depression, and syncope.

## Procedural History

On March 28, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 30, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") James Bentley in McAlester, Oklahoma. By decision dated December 30, 2014, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on March 28, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper analysis at steps four and five; (2) failing to

properly evaluate the medical and non-medical source evidence; and (3) failing to perform a proper credibility determination.

**Evaluation at Steps Four and Five**

In his decision, the ALJ found Claimant suffered from the severe impairment of cyclical vomiting syndrome, irritable bowel syndrome, fibromyalgia, and syncope. (Tr. 22). The ALJ determined Claimant retained the RFC to perform light work except that she could perform simple and somewhat more detailed tasks with routine supervision; must avoid even moderate exposure to dust, fumes, odors, and poorly ventilated areas; must avoid unprotected heights and dangerous moving machinery; and could not climb ladders, ropes, or scaffolds. (Tr. 25). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of furniture rental clerk, cashier II, and electrical accessory assembler, all of which he found existed in sufficient numbers in the regional and national economies. (Tr. 32). As a result, the ALJ determined Claimant was not disabled from November 1, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to address her ability to interact with the public in the RFC. At step three, the ALJ indicated Claimant had a mild limitation in social functioning. (Tr. 23). Dr. Edith King, a consultative psychologist, agreed with

5

this finding. (Tr. 83). The finding was further supported by consultative mental health professional Dr. Caren Phelan. (Tr. 355). Claimant refers to the medical source statement provided by Dr. Phelan on June 1, 2011 for what it does not state. She contends the expert failed to address working with the public, which is a requirement of two of the three representative jobs identified by the vocational expert which Claimant could perform. Dr. Phelan clearly indicates on the assessment form that Claimant is "not significantly limited" in the area of "the ability to interact appropriately with the general public." (Tr. 360). The ALJ is not obligated to include all of the areas where Claimant is not limited in the RFC.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). The record does not support a limitation in the area of working with the public and, therefore, the ALJ was not obligated to include any limitation in that area in the RFC.

Claimant also argues that the job of electrical accessory assembler did not exist in sufficient numbers in Oklahoma. This Court will not address this issue since two other jobs were

identified which the vocational expert testified Claimant could perform.

**Evaluation of Medical and Non-Medical Evidence**

Claimant asserts the ALJ failed to properly evaluate certain opinion evidence. Dr. Coriane T. Alvarez-Sanders performed a mental status evaluation on Claimant on May 17, 2011. Claimant cites to a portion of her report which is a recitation of Claimant's statements to Dr. Alvarez-Sanders not independent medical findings. (Tr. 341). Claimant scored a 27/30 on the Folstein Mini-Mental State Exam-2, Blue Form Version, which Dr. Alvarez-Sanders related indicated in the below average range with a t-score of 45. (Tr. 342). She also found Claimant to have below average concentration. All other cognitive and judgment findings were average. Dr. Alvarez-Sanders diagnosed Claimant with Major Depressive Disorder, Single Episode, Severe Without Psychotic Features. She assigned Claimant a GAF of 50. She stated Claimant's prognosis was "guarded" that she could maintain stable full time employment due to her severe symptoms of depression. (Tr. 343).

The ALJ gave the opinion "little weight" because it was "vague and imprecise as to how the claimant's reported symptoms of depression affect her ability to perform work-like tasks. It is

7

also inconsistent with the lack of treatment from a mental health specialist during the pertinent period at issue." (Tr. 27).

Dr. Alvarez-Sanders specifically attributes her comments concerning Claimant's inability to currently work on her depression. Some of the findings in the opinion are directly relatable to work functions such as below average concentration. Moreover, the Folstein Mini-Mental Examination is utilized to measure cognitive impairment[2] - also most relevant to work abilities and functions. Claimant tested below average on this testing as well. (Tr. 342). The ALJ appears to contend that the absence of a specific medical source statement which details work-related impairments somehow renders Dr. Alvarez-Sanders' opinion incomplete or "vague." The regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6).

The ALJ also reduced the weight given to the report because of the lack of treatment. While the ALJ may consider the treatment record of Claimant, rejecting an opinion based upon objective testing and observation is counterintuitive. On remand, the ALJ shall consider the specific findings of Dr. Alvarez-Sanders which

---

[2] *de Boer C, Mattace-Raso F, van der Steen J, et al*; Mini-Mental State Examination subscores indicate visuomotor deficits in Alzheimer's disease patients: A cross-sectional study in a Dutch population. Geriatr Gerontol Int. 2013 Nov 15. doi: 10.1111/ggi.12183.

8

are translatable to the work context.

Claimant makes a similar argument pertaining to the opinion of Dr. Jay Johnson and Dr. V. Sridhar. Dr. Johnson offered a rather sparse statement in a letter dated January of 2006 which demonstrated he was a treating physician and that Claimant suffered from brachial paresis of the left upper extremity and was, therefore, "temporarily and totally disabled." (Tr. 327). Dr. Sridhar also offered a brief letter dated September of 2007 which stated Claimant was diagnosed with cyclical vomiting syndrome and that "she would have to stay home from work and or other activities from 1 to 5 days." (Tr. 331).

The ALJ gave the opinions "little weight" because they were dated prior to Claimant's alleged onset date and, therefore, do not reflect Claimant's functional status and limitations during the relevant period. He also found the requirement for Claimant to stay home 1 to 5 days was belied by her earnings record. (Tr. 29).

This Court agrees with the ALJ that Dr. Sridhar's opinion is somewhat minimized because of Claimant's earnings during most of 2007. As for Dr. Johnson's opinion, medical opinions outside of the period to be adjudicated are relevant to Claimant's cumulative medical history. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). While the finding of temporary total disability is an

9

obvious reverence to worker's compensation laws, the medical finding and any associated limitations should be considered by the ALJ on remand.

Claimant also contends the ALJ should have given more consideration to the third party statement from Claimant's friend, Stacy Jackson. (Tr. 211-18). Nothing appears in the ALJ's opinion concerning whether this statement was reviewed. Defendant relies upon the catch-all phrase used by the ALJ that he considered the entire record. On remand, the ALJ shall give this third party statement express consideration, especially on the issue of whether the statement bears either positively or negatively upon Claimant's credibility.

Claimant also takes issue with the ALJ giving "substantial weight" to the opinions of two state agency medical consultants. (Tr. 29). She appears to base this challenge on the fact the ALJ cited to duplicate records in his decision. Although the ALJ's explanation for relying upon these opinions is rather rote, it is not sufficiently vague to remand on this basis.

### Credibility Determination

The ALJ found Claimant's testimony to be "partially credible", contending Claimant has some limitations but not to the extent to which she testified. This Court agrees with Claimant that the

rejection of the testimony concerning activities of daily living on the basis that they have not been objectively verified to a reasonable degree of certainty misstates the proper evaluative standard. He also attempts to attribute any limitations in activities of daily living to "other reasons" without specifying the nature of these alternative bases. The ALJ also cites to inconsistencies in the testimony, acknowledging that they may not be intentional. This type of "gotcha" rejection of subjective testimony cannot support a credibility finding.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the

individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. On remand, the ALJ shall affirmatively link his credibility findings to permissible bases for acceptance or rejection.

Additionally, since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 25th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE